STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
REAGAN E. BOYCE - Bar No. 248064
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:   sgubner@bg.law
         rburstein@bg.law
         rboyce@bg.law

Attorneys for David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DISTRICT**

| | |
|---|---|
| In re<br><br>ROBERT BENJAMIN SAUTTER,<br><br>  Debtor. | Case No. 1:17-bk-12566-MB<br><br>Chapter 7<br><br>**TRUSTEE'S OPPOSITION TO CREDITOR CIT BANK, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>**Hearing Scheduled:**<br>**Date:** January 3, 2017<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 303 |

David Seror, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor, Robert Benjamin Sautter ("Debtor") hereby opposes creditor, CIT Bank, N.A.'s ("CIT") Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 [Docket No. 31] ("Motion"), as follows:

## I.  INTRODUCTION

On September 25, 2017, Debtor filed his voluntary petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") commencing the bankruptcy case styled *In re Robert Benjamin Sautter* case number 1:17-bk-12566-MB ("Case"). Shortly thereafter, David Seror was

1

appointed as the Chapter 7 Trustee in which capacity he continues to serve. On October 9, 2017, Debtor revised and amended certain of his Schedules, including Schedule "D" [Docket No. 13-14]. On November 16, 2017, Debtor again amended certain of his Schedules, including Schedule "D" [Docket No. 19]. Debtor did not formally appear for his 341(a) meeting of creditors scheduled for November 3, 2017, and the meeting was continued to December 8, 2017.

On December 7, 2017, CIT filed its Motion seeking relief from the automatic stay. On December 8, 2017, Debtor appeared for the 341(a) meeting of creditors, at which time Trustee requested additional documents and information from the Debtor regarding the real property asset located at 3859 Sherwood Place, Sherman Oaks, CA 91423 ("Sherwood Property"), among other things, which property is the subject of the CIT Motion. As of the date of filing this response to the Motion, the Trustee is still undertaking an investigation into the facts and circumstances regarding the current status of the Sherwood Property, its value, and the liens against the Sherwood Property. In addition to the foregoing deficiencies, the Debtor is scheduled to appear for the continued 341(a) meeting of creditors on December 26, 2017, which will occur after the deadline for this opposition is due. As such the CIT Motion is premature and should be denied without prejudice at this time.

On a procedural note, the Trustee points out to the Court and CIT that CIT failed to properly redact the social security number of Debtor's deceased wife from the copies of the death certificate provided as Exhibit 4 to the Motion. CIT should redress this error in accordance with Local Bankruptcy Rules and procedures.

**II.    THE CIT MOTION FAILS TO DISCLOSE PRE-PETITION EVENTS REGARDING THE SHERWOOD PROPERTY AS WELL AS PAYMENTS MADE TOWARDS THE CIT LIEN THAT MAKE THE MOTION INACCURATE AND DEFICIENT**

CIT represents in its Motion filed December 7, 2017, that there is currently a balance owed of $1,594,101.65 consisting of $681,613.89 in principal, $895,606.14 of accrued interest, attorneys' fees in the amount of $6,086.52 and advances for "property taxes and insurance" in the amount of $10,795.10. CIT's Motion does not disclose that the property was destroyed in a fire on May 25, 2017, nor does the Motion disclose that fire insurance policy proceeds were paid to CIT in the amount of $553,000.00, or that estimated repair costs for the property were proposed at $652,228.39,

or that a mechanic's lien was recorded against the property, and several other details that have just come to light.

CIT's Motion claims that CIT is under secured in the Sherwood Property and therefore is entitled to the relief sought. However, the real property appraisal attached to the Motion as Exhibit 5, is not a real property appraisal, but rather, Exhibit 5 to the Motion is the Debtor's Schedules A/B and D as filed October 9, 2017. There is no real property "appraisal" included in Exhibit 5 to the CIT Motion.

Furthermore, the Motion does not provide the date range for which interest accrued against the loan, which is secured by the Sherwood Property. If CIT is actually under secured on its loan, then interest would have stopped accruing as of the Petition Date, since unsecured creditors are not entitled to interest after commencement of a bankruptcy case. 11 U.S.C. § 506.

If the amount claimed to be owed by CIT ($1,594,101.65) is accurate, and the insurance proceeds ($553,000.00) were to be correctly accounted for by CIT, and the value of the Sherwood Property is in the range of $1.1 to $1.3 million in its current condition, as estimated by the Debtor, then there may still be equity available for the Estate to recover. However, until the Trustee can complete his investigation into these matters, it remains unknown whether CIT is under secured or over secured in its lien against the Sherwood Property.

The failure of CIT to acknowledge the change in circumstances regarding the Sherwood Property, its failure to account for the payment it received from the insurance carrier, and the ambiguity in its accounting of monies owed all require denial of the Motion.

At this time the Trustee has just employed counsel to assist him in his investigation of these preliminary matters, and to assist in his investigation into the actual value of the Sherwood Property based on the change in circumstances due to the May 2017 fire damage, the accurate value of the CIT lien, and other matters related to the Estate. Trustee believes the CIT Motion is lacking in sufficient information to be granted at this time, and it is also premature in light of the continued investigation the Trustee is undertaking. Once he has completed his review of these matters, the Trustee will be able to determine if there is in fact any equity available for the Estate or any other grounds upon which to assert further objection to the CIT request for relief from stay.

1890582

### III. CONCLUSION

Based on the foregoing, Trustee respectfully requests that the Court deny CIT's Motion at this time.

DATED: December 20, 2017

BRUTZKUS GUBNER

By: /s/ Reagan E. Boyce
Reagan E. Boyce
Attorneys for David Seror, Chapter 7 Trustee

4

1890582

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S OPPOSITION TO CREDITOR CIT BANK, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 20, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Reagan E Boyce    rboyce@bg.law, ecf@bg.law
Richard Burstein    rburstein@bg.law, ecf@bg.law
Jamie D Hanawalt    ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com
David Seror (TR)    mtzeng@brutzkusgubner.com, C133@ecfcbis.com
Kevin T Simon    kevin@srhlawfirm.com, ktsecf@gmail.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Gilbert R Yabes    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December 20, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Robert Benjamin Sautter
5711 Reseda Blvd.
Tarzana, CA 91356

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, by **December 21, 201**7, I served the following persons and/or entities by **personal delivery**, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin R. Barash    *[Via personal delivery]*
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 20, 2017 | KRISTINA DOW | /s/ Kristina Dow |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**